UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PERRY A. BRANHAM, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>TEMCO ENTERPRISES LLC, et al., )<br>)<br>Defendants. ) | 1:09-cv-0998-DFH-JMS |

**Entry and Order Directing Dismissal of Action**

Plaintiff Perry Allan Branham filed this civil rights action pursuant to 42 U.S.C. § 1983. Mr. Branham alleges that defendant Temco Enterprises LLC and/or Temco Roofing LLC ("Temco") did "crappy" work on his home. Later Temco claimed that it was not paid and put a lien on the plaintiff's home. Mr. Branham claims that not only was the company paid, but Temco charged Mr. Branham and his insurance company for work Temco did not do and that they were paid for that work. The plaintiff alleges that an illegal lien was placed on his home, breach of contract, and fraud. He has also named Temco's attorney Rebecca S. Smith, National City Bank, and the "clerk who cashed check".

**I.**

The plaintiff's request to proceed *in forma pauperis* (dkt 2) is **granted.**

**II.**

The complaint is subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute directs that the court dismiss a complaint or any claim within a complaint which "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." *Id.* Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). A complaint is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F .2d 1101, 1106 (7th Cir. 1984)).

**III.**

Branham asserts a claim pursuant to 42 U.S.C. § 1983. This statute creates a federal cause of action for "the deprivation, under color of [state] law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994). "[A] claim under § 1983 is tenable only if the defendants acted under color of state law-in other words, if they are state actors." *Gayman v. Principal Financial Services, Inc.,* 311 F.3d 851, 852 (7th Cir. 2002)(citing *Rendell-Baker v. Kohn,* 457 U.S. 830, 838 (1982)). Because the defendant is not alleged to have acted "under color of state law," the claim under § 1983 falls short and must be dismissed. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)("A claim [lacks] facial plausibility when the plaintiff [fails to] plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")

**IV.**

For the reasons explained above, the complaint fails to survive the screening required by § 1915(e), because it fails to contain a legally viable claim under the basis alleged. The court is required, under these circumstances, to dismiss the action. Judgment consistent with this Entry shall now issue. This disposition does not preclude the plaintiff from seeking relief in an appropriate judicial forum based on claims which can be properly asserted in such forum.

So ordered.

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Date: September 10, 2009